In the Matter of the Claim of Theresa Dreier, Respondent, v. S & S Gordon Cleaning Corporation et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, October 27, 1966.

*Joseph M. Soviero* (*Bernard F. Farley* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Nicholas La Carrubba* for claimant-respondent.

Herlihy, J. The appellants contend that the work was not strenuous and the record does not support the findings by the board that "decedent's work activities on June 1, 1964 were strenuous and superimposed upon preexisting coronary artery disease, caused him to suffer a fatal coronary infarction. The Board further finds the work activities and the resulting coronary infarction constitute an accidental injury".

There was no autopsy.

The employee was 37 years old and employed as a presser in the employer's dry-cleaning business. On May 24, 1964 he visited Dr. Fear because of mild chest pains he had noted during the last month but worse the day before his visit to the doctor when he went to "Freedom Land". He also informed the doctor that the pain did not bother him when working as a

presser, but only when bending down or when he was walking. As a result of his examination Dr. Fear diagnosed rheumatic heart disease and arteriosclerotic heart disease with anginal syndrome and prescribed 1/150th of a gram of nitroglycerin and told the employee to rest for a week, which he did, returning to work on June 1, 1964. The testimony of Dr. Fear at the hearing, in sum, does not support the findings made by the board.

On the day he returned to work the employee completed pressing about 100 garments prior to being found dead on the floor. The pressing operation requires the presser to take a garment from a "wagon"; place it on the block; push a lever with the foot to release steam; pull a lever down with the hand to clamp down the garment; push a lever down with the foot to dry the garment; repeat the foregoing operations until all of the garment is so pressed; and hang the garment on a metal bar.

The Referee, an unsworn witness, interjected that there was some effort involved in pulling down the top of the machine because he had worked there.

Dr. Shub testified that there was causal relationship, but he based his opinion on some effort being involved in the pressing operations. Thereafter he stated that "the cumulative work effort of the entire operation that he performed each time was strenuous". Dr. Shub's testimony, when considered in context and in its entirety, seems to conclude that the work effort would not be strenuous for the normal man but was strenuous for the decedent, that "*for a patient with known coronary artery disease* \* \* \* this constitutes strenuous effort" (emphasis supplied); that "Had he not done the work he could have lived"; that "That's the straw that broke the camel's back", the same expression used by Dr. Fear.

The present record does not spell out any more than work apparently not requiring much, if any, physical exertion. While the rule may have been diluted, the principle still remains "that the regular job activity shall entail greater exertion than the ordinary wear and tear of life, and that the heart attack shall have been produced by the 'unusually hard' work thus demanded". (See *Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 326.)

The distinction appears to be that if the normal work in and of itself is strenuous, a recovery is permitted (*Matter of Hudson* v. *Waddington Constr.,* 14 A D 2d 463; *Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506), while if the normal work activity of itself is not strenuous, then there must be some further intervention which requires more than normal exertion.

In *Matter of Farber* v. *Harbor Shoes Co.* (12 A D 2d 578), a shoe salesman spent most of the day shifting shoe boxes to various locations.

In *Matter of Houck* v. *Bush* (12 A D 2d 834), a truck driver helped lift a piano and two refrigerators.

In *Matter of Deutsch* v. *H. & S. Dairy Prods.* (12 A D 2d 845), a delivery man lifted a 72-pound crate, which was unuusal compared to his normal activities.

In *Matter of Geoghan* v. *Leggett Premier Food* (12 A D 2d 669), a delivery man carried three bags containing 100 pounds of sugar down a flight of stairs, which work was arduous. (See, also, *Matter of Rollo* v. *Geneva Forge,* 25 A D 2d 793; *Matter of Chavkin* v. *Rotter,* 20 A D 2d 158; *Matter of Luftig* v. *Stevenson Pie Co.,* 23 A D 2d 920, affd. 18 N Y 2d 734.)

Dr. Shub's testimony that the decedent's work was strenuous because of his underlying condition does not constitute substantial evidence necessary to sustain an award and the board's findings are not supported by substantial evidence. (*Matter of Di Cicco* v. *Liebmann Breweries,* 11 A D 2d 613; *Matter of Bosted* v. *Larsen Baking Co.,* 19 A D 2d 924; *Matter of Traversone* v. *Lee Bros. Stor.,* 17 A D 2d 175, 22 A D 2d 979; *Matter of Goldman* v. *White & Case,* 9 A D 2d 160, affd. 9 N Y 2d 763.)

There was medical testimony that there was no causal relationship but that the death resulted from natural progression of the underlying heart disease.

The fact is that the board found that the normal work performed by the decedent on the day of his death was strenuous, but without stating what constituted such effort. To sustain this finding would be to eliminate the present rule, as to the work effort, that something more than normal exertion is necessary. The present record presents a factual situation which comes within the legal description of the " ordinary wear and tear " concept. It may be possible upon remand to develop medical testimony sufficient to sustain the board's findings. (See *Matter of Miller* v. *F & M Schaefer Brewing Co.,* 16 A D 2d 718.)

The decision should be reversed, and the matter remitted for further proceedings not inconsistent with the opinion herein.

GIBSON, P. J., REYNOLDS and STALEY, JR., JJ., concur; TAYLOR, J., not voting.

Decision reversed, and matter remitted for further proceedings not inconsistent with the opinion herein, with costs to appellants against the Workmen's Compensation Board.